IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WALKER ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> CAROLYN W. COLVIN, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 15-887 |

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his application for benefits alleging he has been disabled since August 31, 2011. (ECF No. 8-6, p. 3). Administrative Law Judge ("ALJ") Leslie Perry-Dowdell held a hearing on January 28, 2014. (ECF No. 8-2, pp. 30-46). On February 11, 2014, the ALJ issued a decision finding Plaintiff is not disabled. (ECF No. 8-2, pp. 17-25). After exhausting all administrative remedies, Plaintiff filed this action.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10, 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Obesity**

Plaintiff argues that the ALJ failed to properly analyze Plaintiff's obesity when determining his residual functional capacity ("RFC").[1] (ECF No. 11, pp. 13-15). As such, Plaintiff submits that remand is necessary. After a review of the record, I agree.

The Court of Appeals for the Third Circuit recognized that SSR 02-1p provides guidance in assessing how obesity is to be considered. *Diaz v. Commissioner of Social Security*, 577 F.3d 500, 503 (3d Cir. 2009). SSR 02-01p notes, "[t]he functions likely to be limited depend on many factors, including where excess weight is carried. An individual may have limitations in any

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching." SSR 02-1p. Given these parameters, an ALJ "must clearly set forth the reasons for his decision." *Diaz*, 577 F.3d at 503, *citing, Burnett v. Cmm'r. of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). Indeed, the ALJ must "consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." SSR 02-1p.

In this case, the ALJ found that Plaintiff's obesity constituted a "severe impairment." (ECF No. 8-2, p. 19). The ALJ further concluded that Plaintiff's obesity does not meet a Listing. *Id.* at p. 21. Within that same step, the ALJ stated "the undersigned has considered the effects of the claimant's obesity when evaluating whether the claimant meets any Listing and also when assessing the other steps of the sequential evaluation process (SSR 02-01p)." *Id.* When assessing Plaintiff's RFC, however, the ALJ never mentions Plaintiff's obesity or analyzed its effects on Plaintiff's RFC. *See,* ECF No. 8-2, pp. 21-24. In fact, in the RFC discussion, the ALJ merely states Plaintiff's height and weight without more. (ECF No. 8-2, p. 23). Contrary to Defendant's suggestion otherwise, I find this mention of Plaintiff's weight insufficient to allow me to conduct a meaningful review. Thus, I cannot say that the ALJ's RFC is based on substantial evidence and remand on this issue is necessary.

I do not mean to suggest that her conclusion may not be accurate, simply that there is not enough information provided for me to gauge its accuracy.[2] There is simply no explicit analysis of the cumulative impact of Plaintiff's obesity on his RFC. A mere acknowledgement of an obligation to assess Plaintiff's obesity alone without actual further analysis is legally insufficient.

---

[2] I note that "[b]y referencing his legal duty, the ALJ subjectively may have included obesity in his analysis. Absent an explicit discussion and analysis, however, the ALJ has precluded judicial review." *Ellis v. Astrue*, Civ. No. 9-1212, 2010 WL 1817246 at * 5 (E.D. Pa. April 30, 2010) (stating that "[r]emand is required where a claimant alleges obesity, the ALJ finds obesity is a severe impairment, and the ALJ fails to evaluate obesity when determining the RFC").

*Ellis*, 2014 WL 1817246 at * 5.  As such, I cannot perform my reviewing function.  Thus, remand is warranted on this issue.

### C. **Credibility**

Plaintiff also submits that the ALJ erred in assessing his credibility.  (ECF No. 11, pp. 15-18).  Specifically, Plaintiff alleges that the ALJ relied on an incorrect medical record and the reliance on the same infected her decision in finding Plaintiff less than credible.  As such, Plaintiff suggests that remand is necessary.  *Id.*

To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975).  The ALJ must consider "the entire case record" in determining the credibility of an individual's statement.  SSR 96-7p.

In this case, the ALJ found Plaintiff not entirely credible based, in part, on Exhibit 9F/10. (ECF No. 8-2, pp. 17-25).  Exhibit 9F/10 appears to be a record that mistakenly has Plaintiff's name on it since Exhibit 9F/12 is a record from the same doctor on the same day at the same medical facility with the same start and stop time.  (ECF No. 8-11, pp. 11-14).  Obviously, one record is for Plaintiff and the other record is a mistake and does not apply to Plaintiff.  *Id.*  It is apparent that the ALJ did not recognize this error and relied on both records in making her credibility determination.  (ECF No. 8-2, pp. 17-25).  For instance, in assessing Plaintiff's credibility, the ALJ found that his testimony that he has not worked since 2000 inconsistent with a record that Plaintiff was "'back to work now' and 'doing well.'"  (ECF No. 8-2, p. 23).  This information comes from the record that may not belong to Plaintiff and may have infected the ALJ's credibility assessment as evidenced by the fact that the ALJ cited to this record several times in her decision.  (ECF No. 8-2, pp. 17-25).  Since I have found that remand is warranted regarding her obesity assessment, I am further remanding on the issue of Plaintiff's credibility.

On remand, the ALJ is instructed to reconsider the issue of Plaintiff's credibility and to discuss/reconcile Exhibit 9F/10 as it may or may not relate to Plaintiff.[3]

An appropriate order shall follow.

---

[3] Since I am remanding on the issue of credibility, I need not address Plaintiff's third argument, that the ALJ's overall credibility analysis was riddled with mischaracterizations of record. (ECF No. 11, pp. 18-20).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY WALKER )
)
        Plaintiff, )
)
  -vs- )   Civil Action No. 15-887
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 20th day of July, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is granted and Defendant's Motion for Summary Judgment (Docket No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                              BY THE COURT:

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge